**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3129-17T2

KEVIN VIELDHOUSE,

     Plaintiff-Appellant,

v.

STATE OF NEW JERSEY,
DIVISION OF STATE POLICE
OF THE STATE OF NEW
JERSEY, DIVISION OF LAW
AND PUBLIC SAFETY, JOSEPH
R. FUENTES and RAYMOND
GUIDETTI,

     Defendants-Respondents.

_____

Argued April 29, 2019 – Decided May 15, 2019

Before Judges Fasciale and Rose.

On appeal from Superior Court of New Jersey, Law Division, Mercer County, Docket No. L-1833-14.

George T. Daggett argued the cause for appellant.

Tasha M. Bradt, Deputy Attorney General, argued the cause for respondents (Gurbir S. Grewal, Attorney General, attorney; Melissa H. Raksa, Assistant

Attorney General, of counsel; Tasha M. Bradt, on the brief).

PER CURIAM

Plaintiff Kevin Vieldhouse appeals from two orders dated February 16, 2018. One order granted summary judgment to defendant New Jersey State Police (NJSP) and dismissed plaintiff's complaint alleging violations of the Conscientious Employee Protection Act (CEPA), N.J.S.A. 34:19-1 to -14. The other order denied plaintiff's motion to file and serve a second amended complaint against the NJSP alleging violations of the New Jersey Law Against Discrimination (LAD), N.J.S.A. 10:5-1 to -49.[1]

On appeal, plaintiff argues the judge erred by denying his motion to file a second amended complaint alleging a LAD claim. Relying on Rule 4:9-3, plaintiff contends that his LAD claim should relate back to the allegations raised in his initial pleadings, and therefore, the judge erred by denying the motion. Thus, he says that the judge should have relaxed the statute of limitations (SOL).

---

[1] Although plaintiff's case information statement identifies two issues – whether his "CEPA violations and age discrimination should have survived" summary judgment, and whether the judge erred by denying his attempt to filed a second amended complaint to assert a LAD claim – his merits brief confirms that plaintiff is not challenging the order granting summary judgment dismissing the CEPA case.

The NJSP asserts that the judge did not abuse her discretion because plaintiff's LAD claim is "distinctly new and different."

## I.

Plaintiff joined the NJSP in 1993. In 2012, he was promoted to an acting position as Sergeant First Class. In February 2014, after promotions were posted for the Unit Head of Narcotics, plaintiff submitted a Special Report (the Special Report) entitled "Career Development-Promotional Rankings," in which he alleged that many of the individuals promoted were "not currently in the specific Bureau and with limited, or no, experience in the unit they were assigned to head."

In March 2014, he was promoted to a full Sergeant First Class. But he maintained that the NJSP continued to violate the established systems by promoting those "with less experience and lower on the promotional list ahead of . . . [p]laintiff." Thus, he alleged that the NJSP's continued violations of its own internal policies and Standard Operating Procedures were retaliatory in contravention of CEPA because plaintiff authored the Special Report and complained about violations during career counseling meetings.

Plaintiff filed a complaint and jury demand in August 2014, followed by an amended complaint in March 2015. He alleged that he suffered retaliation in

contravention of CEPA. In January 2018, three days before the scheduled trial date, the matter was adjourned to allow for motion practice. The NJSP moved for summary judgment, and plaintiff moved for permission to file a second amended complaint, including a claim of age discrimination in violation of the LAD, and alleged that the Assistant Attorney General (AAG) misrepresented information "upon which [he] relied to his detriment."[2] The judge granted the NJSP's motion, and denied plaintiff's motion.

## II.

"The determination of a motion to amend a pleading is generally left to the sound discretion of the trial [judge], and [her] exercise of discretion will not be disturbed on appeal, unless it constitutes a 'clear abuse of discretion.'" Franklin Med. Assocs. v. Newark Pub. Schs., 362 N.J. Super. 494, 506 (App.

---

[2] Plaintiff contended that another plaintiff, Robert Tobey (Tobey), who was represented by the same counsel, in an unrelated matter filed an Equal Employment Opportunity (EEO) complaint, which alleged age discrimination in the NJSP promotional process. The witness for the EEO investigation, a NJSP Captain, suggested that Tobey and several other members, such as plaintiff, were overlooked for a promotion because of their age. Plaintiff stated that his counsel first received the AAG's letter in connection with the Tobey matter in September 2015, and that he detrimentally relied on it, as the AAG found Tobey's claims unsubstantiated and stated that there were no witnesses who corroborated Tobey's allegations. Plaintiff alleged that this was a "false statement" that "deprived [him] of a cause of action for age discrimination and relief pursuant to the Rules of the EEO."

4

Div. 2003) (citations omitted).  We will find an abuse of discretion "if the discretionary act was not premised upon consideration of all relevant factors, was based upon consideration of irrelevant or inappropriate factors, or amounts to a clear error in judgment."  Masone v. Levine, 382 N.J. Super. 181, 193 (App. Div. 2005).  It arises when a decision is "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis."  Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002).

After an answer has been filed, "a party may amend a pleading only by written consent of the adverse party or by leave of court which shall be freely given in the interest of justice."  R. 4:9-1.  "While motions for leave to amend pleadings are to be liberally granted, they nonetheless are best left to the sound discretion of the trial [judge] in light of the factual situation existing at the time each motion is made."  Kernan v. One Washington Park Urban Renewal Assocs., 154 N.J. 437, 457 (1998) (quoting Fisher v. Yates, 270 N.J. Super. 458, 467 (App. Div. 1994)).  Such a determination requires a two-step process: (1) "whether the non-moving party will be prejudiced"; and (2) "whether granting the amendment would nonetheless be futile."  Notte v. Merchs. Mut. Ins. Co., 185 N.J. 490, 501 (2006).

Rule 4:9-3 governs when amendments relate back and states,

> [w]henever the claim or defense asserted in the amended pleading <u>arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading</u>; but the court, in addition to its power to allow amendments may, upon terms, permit the statement of a new or different claim or defense in the pleading.
>
> [(Emphasis added).]

Plaintiff relies on <u>Viviano v. CBS, Inc.</u>, 101 N.J. 538, 556 (1986), where our Supreme Court permitted relation back when the plaintiff could not properly identify an additional defendant due to frustration of discovery by the defendant. Plaintiff draws a parallel between the deprivation of the name of a defendant and the deprivation of a cause of action. The Court explained that,

> [c]ompliance with the Rules of Practice is essential for an orderly legal system, but our goal is not so much rigid compliance with the letter of the Rules as it is the attainment of substantial justice. The Rules of Practice are not an end unto themselves, but a means of serving the ends of justice.
>
> [<u>Id.</u> at 550-51.]

Plaintiff claims that he is entitled to the benefit of the discovery rule as he was misled by the AAG's letter and otherwise would have included a cause of action for age discrimination in his first amended complaint.

Here, the judge stated that,

6

in light of the fact that . . . plaintiff could have certainly for the last year or more conducted an investigation when [he] became aware of the potential LAD claim and failed to do so, . . . to grant the amendment at this juncture would, in fact, prejudice the State, and . . . that is what is weighing most heavily on the [c]ourt.

She further explained that, "[t]he [c]ourt's task is to be fair and impartial and to seek justice" and "that allowing an amendment at this late stage . . . would present the State with great difficulty. The State . . . and the [c]ourt would have to effectively allow an entire new discovery process to begin." She also noted that, "in the proposed amended complaint there's very little about the age discrimination allegation, and so . . . there would have to be another six months or a year of investigation and depositions[.]" Consequently, she stated that "what's weighing most heavily upon the [c]ourt is the fact that it could have been undertaken sooner." Finally, the judge held that, "in the interest of justice, because it would prejudice the defense, . . . the motion to amend the complaint will be denied. Obviously then the LAD claim is outside of the [SOL]. It's been well beyond the two-year period[.]"

The NJSP maintains that permitting plaintiff to file a second amended complaint would be both prejudicial and futile. "[T]he factual situation in each case must guide the [judge]'s discretion." Bldg. Materials Corp. of Am. v. Allstate Ins. Co., 424 N.J. Super. 448, 484 (App. Div. 2012). "One circumstance

7

to consider is the reason for the late filing." Id. at 484-85. "Other considerations include whether the newly-asserted claim would unduly prejudice the opposing party, survive a motion to dismiss on the merits, cause undue delay of the trial, or constitute an effort to avoid another applicable rule of law." Id. at 485. "[A]n exercise of . . . discretion will be sustained where the trial [judge] refuses to permit new claims . . . to be added late in the litigation and at a point at which the rights of other parties to a modicum of expedition will be prejudicially affected." Du-Wel Prods., Inc. v. U.S. Fire Ins. Co., 236 N.J. Super. 349, 364 (App. Div. 1989).

"[C]ourts are free to refuse leave to amend when the newly asserted claim is not sustainable as a matter of law. In other words, there is no point to permitting the filing of an amended pleading when a subsequent motion to dismiss must be granted." Notte, 185 N.J. at 501. The LAD has a two-year SOL. See Montells v. Haynes, 133 N.J. 282, 292 (1993). This is so "to encourage prompt resolution of claims, particularly in discrimination cases where evidence may be 'vulnerable to the passage of time.'" Henry v. N.J. Dep't. of Human Servs., 204 N.J. 320, 333 (2010) (quoting Montells, 133 N.J. at 293). "Fairness to the accuser, the accused, and to the judicial system require a timely

adjudication of discrimination claims. Thus, both fairness and efficiency support a two-year [SOL]." Montells, 133 N.J. at 293.

Plaintiff alleged for the first time in his proposed second amended complaint that the NJSP "chose younger members for promotion to the exclusion of older, more experienced members" and "made recommendations for promotion based on age discrimination" between February and May 2014. Thus, the latest that the LAD claim could have accrued was May 2014, resulting in a requisite filing date of May 2016. As plaintiff did not move to file his second amended compliant until January 2018, this is past the expiration of the SOL. "It would be supremely impracticable, if not pernicious, to condone a practice which would permit adventurous litigants by means of successive amendments to the pleadings in the original action to prosecute . . . a procession of distinctly disparate causes of action and thus elude the statutory limitations of time." Young v. Schering Corp., 275 N.J. Super. 221, 232 (App. Div. 1994).

In his amended complaint, plaintiff stated that the NJSP retaliated against him by continuing to promote "less qualified individuals who were . . . personal friends" of defendant Guidetti. He wrote that, "[i]n retaliation against . . . [p]laintiff for having objected to [d]efendant Guidetti's violation of the procedures for promotions within the [NJSP], . . . [d]efendant Guidetti has

moved persons junior . . . with less experience and lower on the promotional list ahead of . . . [p]laintiff and promoted those others." Yet in his second amended complaint, plaintiff stated that the NJSP "chose younger members for promotion to the exclusion of older" members and that the NJSP "made recommendations for promotion based upon age discrimination." He claimed that this was a "systematic[] depriv[ation]."

Relying on Rule 4:9-3, plaintiff contends that his LAD claim should relate back to the allegations raised in his initial pleadings, and therefore, the judge erred by denying the motion. Thus, he asserts that the judge should have relaxed the SOL. The NJSP characterizes the proposed second amended complaint as a "distinctly new and different cause of action."

Here, plaintiff did not initially allege that he was the victim of age discrimination. Rather, he alleged that the NJSP promoted others with less experience than he had, who were lower on the promotion list. The crux of his initial allegation was that the NJSP promoted others who were "less qualified individuals who were . . . personal friends." In his initial pleadings, plaintiff did not allege that these individuals were younger than he was, and, in fact, he did not even mention their ages. His reference to "junior," in the context of the overall factual allegations, meant "less experienced" and "less qualified." See

Junior, <u>Black's Law Dictionary</u> (10th ed. 2014) (defining junior as "[l]ower in rank or standing; subordinate"). Moreover, his reference to age in the initial pleadings was not made to support a discrimination claim, but instead to support his alleged damages for the CEPA count.

But in his proposed second amended complaint, plaintiff alleged that the NJSP "chose younger members for promotion to the exclusion of older" members. This time he specifically alleged age discrimination. <u>Rule</u> 4:9-3 requires that the new allegations arise out of "the conduct, transaction or occurrence" in the original pleadings, and plaintiff presented two different causes of action. Consequently, an SOL analysis was appropriate. Thus, the judge properly denied plaintiff the right to file a second amended complaint.

III.

Second, plaintiff argues that he "could not have made a CEPA election because he didn't know that there were alternatives to CEPA." He states that "[w]hat the [NJSP] is saying in this case is, we deprived you of a cause of action by deception and now, you should continue to be deprived of a cause of action even though we tricked you." Plaintiff's efforts to file a second amended complaint came very late in the case. He blames that on the alleged "false statement," which deprived him from making a LAD claim. But plaintiff's

A-3129-17T2

counsel was in possession of the AAG's letter since 2015, so he could have pursued the LAD claim at that time. Thus, because of the two year SOL, any attempt to file the second amended complaint would be futile.

To the extent that we have not addressed any of the parties' remaining arguments, we conclude that they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

12